Yes, Your Honor. Peggy Sasso on behalf of Fabian-Baltazar, I would like to reserve two minutes. Yes, keep an eye on the clock. Yes, Your Honor. The government is seeking more than it bargained for here. Under the plain language of the plea agreement, Fabian-Baltazar was not precluded from bringing a 2255 motion alleging ineffective assistance of counsel for failure to file the requested notice of appeal. He's alleged specific facts which, if true, entitle him to relief under Flores-Ortega, which means the district court abused its discretion when it denied a hearing on the motion, which means this court must reverse and remand under Sandoval-Lopez. If you were on direct appeal, I think I would agree with you. Tell me where in the plain language of the collateral attack waiver your claim is preserved. Yes, Your Honor. The collateral attack waiver is limited to conviction, sentence, and the manner in which the sentence was imposed. As the Supreme Court said in Flores-Ortega, a claim regarding the denial of assistance of counsel on direct appeal is separate and distinct from a claim involving ineffective assistance of representation involving conviction and sentencing. Is the failure to file a notice of appeal, ineffective assistance of counsel on appeal, or is it ineffective assistance of counsel in the district court? It's under Flores-Ortega. It's filed into the district. I understand that ineffective assistance of counsel on direct appeal may be a separate species. Right. But here your claim, your problem, your claim is that counsel failed to file a notice of appeal, right? That's Flores-Ortega, yes. And the mechanism for pursuing that right is a 2255 motion. Across the board, in all of the cases that we look at, that's the mechanism that a defendant has when the — when counsel has failed to file a notice of appeal, because as in Flores-Ortega, if the defendant then files a late notice of appeal, that's going to be dismissed, at which point the defendant must bring the 2255. That's Flores-Ortega. So work with me here for a second. Yes, Your Honor. I understand you must bring in a 2255. Where in the language of the — of the collateral attack waiver do you find an exception for this case? The language is very clear. The plain language only waived a collateral attack challenge on the conviction, the sentence, and the manner in which the sentence was imposed. What are you challenging in this 2255? In the 2255, I'm — Either the conviction or the sentence. No, Your Honor. The challenge is to the denial of counsel, the Sixth Amendment right to counsel on direct appeal. Let me try this one more time, because we're missing each other. What relief do you seek in the 2255? The 2255 seeks his right to be able to have counsel on direct appeal. So to — Well, no, but you have a — you have a conviction and a sentence, right? That's correct, Your Honor. If you're going to appeal, what are you going to appeal, the conviction or the sentence? Your Honor, that's not before this Court. The Supreme Court is very clear. There's a distinction between preserving the defendant's Sixth Amendment right to counsel on direct appeal as opposed to the merits of any appeal that he would bring. Now, in the interest of substantial equality and fair process to all, if a defendant requests that his counsel bring a notice of appeal, counsel is required to do so and to defend that appeal. If, in the process of the representation, counsel determines that the appeal is frivolous, the Supreme Court has put in place a process for dealing with that that's Anders. The counsel would have to file the brief, would have to identify the issues, would allow the defendant to respond. We would then go to this Court to look at the totality of the proceedings, make an assessment about whether — I understand how all that works. This is not my first rodeo, either. But that's — The question I'm asking is still one we're missing each other on. If your client were to file a notice of appeal — Yes, Your Honor. Which is the complaint here, that his counsel did not file a notice of appeal. That's correct. Would he not be attacking either his conviction or his sentence? He — right now, he's — he's — Isn't the answer to my question, yes? The — What else could he appeal but his conviction or sentence? Absolutely. What he's seeking now is the denial of counsel on direct appeal. But absolutely, on direct appeal, he is entitled under Washington v. Lampert to bring a claim alleging ineffective assistance of counsel with respect to the plea agreement and the waiver that is contained within the plea agreement. In addition to that, a defendant also has a right to — to address the illegality of the sentence, among other things. So there — But none of those things deal with a — a collateral attack waiver. And where I'm having difficulty with your case is this, that you want to get out of the collateral attack waiver so you may attack on appeal either the conviction or the sentence, because those are the only things that happen to your client in the district court, aren't they? Right. And he's absolutely entitled to do so under this plea agreement. He has not waived his collateral attack to bring a 2255 motion alleging the denial of counsel on direct appeal. He has not waived that. This case is on all fours with Sandoval Lopez and Flores-Ortega. Whatever the merits of his — No. Sandoval Lopez, let's be fair. Sandoval Lopez did not evolve a collateral attack waiver, correct? It evolved an appeals waiver. But this is exactly the same. He hasn't — But it's not exactly the same because you have a collateral attack waiver. What I'm trying to figure out, and where you're not helping me, is why the — I understand why an appeals waiver would not bar what you seek. When I'm having difficulty figuring out is why the collateral attack waiver doesn't. So help me with the collateral attack waiver. Is there any case that says a collateral attack waiver is void when somebody wants to challenge ineffective assistance of counsel on appeal? Your Honor, he — I believe this case is on four — on all fours with Sandoval Lopez because he hasn't waived it in his collateral attack waiver. This is not a broad, all-encompassing — So what you're telling me is you rely on the language of the waiver, but you don't have a case that's on point. Well, there's a lot of cases that this has, which says that the government doesn't get more than what it bargained for, and that the plain language of the plea agreement controls, and that if there's any ambiguity, it's to be construed in the favor of the defendant. I would note that you can compare the direct appeal — direct waiver with the collateral attack waiver in this plea agreement. And in the direct appeal waiver, it has very broad, sweeping language that says, or on any basis whatsoever. That is noticeably missing from the collateral attack waiver here. The government did not bargain for a broad, all-encompassing 2255 waiver, and it is not entitled to get more than it bargained for. So that makes this case on all fours with Sandoval Lopez because he has not waived his 2255 motion to bring a claim involving the denial of counsel on direct appeal. That was not waived. You're down to the last three minutes. I'll reserve the remainder of my time. May it please the Court. Good morning, Your Honors. Melanie Allsworth appearing on behalf of the United States. The district court did not err in this case when it summarily dismissed the defendant's 2255 motion and denied an evidentiary hearing. The basis for the Court's decision was that the defendant did, in fact, enter a knowing and voluntary plea in which he waived his right to a 2255 motion. Well, can you deal with your colleague's argument? She says he waived his 2255 rights with respect to everything that happened leading up to his conviction and his sentencing, but not with respect to ineffective assistance of counsel in failing to file a notice of appeal. Yes, Your Honor. I believe when you look at the record as a whole, the defendant is, in fact, challenging the sentence that he received in this case. Well, not yet. He'd like to. Your colleague says he'd like to file a notice of appeal and challenge them, but he that's not where he is yet. All he's challenging now is his counsel's failure to file a notice of appeal, which our cases, Sen. Duval Lopez's, survives an appeal waiver. So the appeal might get dismissed. It might be frivolous. But he's not yet challenging his conviction and sentence. He would just like to file a notice of appeal. What's wrong with that? He could have filed a notice of appeal. He could have filed a notice of appeal late, in which circumstance it likely would have been. Well, I thought his claim was that he told his lawyer to do it and was relying on the lawyer to do it. The lawyer didn't say, no, I'm not going to do it. You do it yourself, which would have opened up the option you've just offered, which is he could have just done it himself. My understanding is that he relied on the lawyer to file the notice, and the lawyer didn't file it. At least that's what I understand to be his claim. And if he's relying on the lawyer to do it, then the answer he gave is not an adequate answer, right? Well, Your Honor, in this case he could have done it himself. In fact, he couldn't have done it himself. If he's represented, we regularly bounce pleadings from represented parties, including criminal defendants, right? And Your Honor, in this circumstance, the district court never reached that issue because they summarily dismissed without an evidentiary hearing. I am only addressing the answer you gave. If you want to withdraw the answer, that's fine. I wasn't — I guess I was just trying to explain it, Your Honor. There wasn't an evidentiary hearing, so — But you were giving a wrong explanation. I mean, you were trying to explain wrongly. That's correct. Okay. He couldn't have done it, and he would have had no reason to do it. He's represented by counsel, and he says to his counsel, file a notice of appeal. At least that's what he alleges. There's no evidentiary hearing, so we don't have any evidence to the contrary. That is correct, Your Honor. So at this point, we have to assume he instructed his counsel to file a notice of appeal. That is correct. And counsel failed to do so. And counsel hadn't withdrawn as his lawyer, so it's not at all clear the district court would have accepted a notice of appeal filed by a pro se defendant who is represented. I think most district courts wouldn't. I don't know. I'm pretty sure our court wouldn't. I mean, we don't get notice of appeal, but stuff that's filed. Yes, Your Honor. But even in the district court proceedings, he never objected to the advice he was given. He never raised the issue. He didn't have an opportunity to. There's been no – the process plays itself out. He gets sentenced. He wants an appeal. He says to his counsel, I want to file a notice of appeal. Nothing further happens in the district court after that except him filing a 2255, which says I asked my counsel to file a notice of appeal, and he didn't. So I'm not sure at what opportunity in the district court proceedings he was supposed to object to his counsel's failure to file a notice of appeal. The defendant seems to be bootstrapping this. No. You say he never objected below. Tell me at what point below he could have objected to his counsel's failure to file a notice of appeal. Yes, if I may explain, Your Honor. During the plea colloquy, he was advised of what the potential sentence could be. He never expressed to the court that his attorney gave him a different sentencing range. And so there was no judgment there. I think you can demonstrate that the plea was voluntary. That's not – I don't have any difficulty with that on this record. My difficulty is that you said he should have objected at some time below if he wanted to say that he wanted to file a notice of appeal. He did what I think Sandoval Lopez says. He waited until he was sentenced, went to his counsel and said, file a notice of appeal. His counsel might have said, it's a frivolous case, I won't do it. But there wasn't any opportunity in the district court for him to raise that claim until the 2255, was there? Following the sentencing, he could have submitted a notice of appeal even if he had asked his attorney to do so. But that's the issue Judge Kaczynski's just been asking you about. Normally, you have a lawyer and you ask the lawyer to file a notice of appeal, and you expect the lawyer to do so, not – you don't have to do so yourself. So let's get – I wanted you to get back to counsel's argument. Why does this collateral attack waiver cover ineffective assistance of counsel on appeal? I believe it goes directly to what he's saying the appeal would have been about, which is the nature of his sentence. And the sentence is covered by the 2255 waiver. He's saying that his counsel was ineffective in failing to file a direct appeal because he wanted to challenge the sentence in this matter. Additionally, he says that his counsel ineffectively advised him because the sentencing range that was provided was approximately 33 months less than the sentence that he actually received. Therefore, when you consider what – He eventually got 9 years, and he thought he was going to get 7 to 8. That's – he got 10 years, Your Honor. Excuse me? He got 10 years. Didn't it get reduced? Eventually, yes, to 108 months. But the initial sentence – Right. But at least at this point, we're dealing with a sentence that's one year above the range he thought he was going to get. That's correct, Your Honor. Yes. Yes. And so, therefore, it's the government's position that he's actually challenging the sentence, and that is encompassed within the 2255 waiver, which, as the Court has already pointed out, was entered knowingly and voluntarily. Okay. Any additional questions? Thank you. Thank you. We do not safeguard a defendant's Sixth Amendment right to counsel on direct appeal by asking the defendant, whose counsel has abandoned him, to come up with an appeal if he had counsel at the time he filed his appeal. That is – There's no harmless error standard? There is. If the individual meets the requirements under Flores-Ortega, which he has here, he's alleged facts that entitle him to relief, then it is an automatic remand in reverse because the district court was required to hold a hearing under 2255B. So hold a hearing, find, at best, he should have had a notice of appeal, which then gets bounced because he had an appeal waiver, right? Well, he has – he has an appeal waiver to certain aspects, but as this Court has said, under Washington – But this goes back to the discussion you had with Judge Hurwitz. All the things that he would be complaining about are the things that are covered by the appeal waiver. We don't know that, Your Honor. He hasn't had counsel, so he hasn't had time to marshal his argument. Let's use our imaginations. Yes, Your Honor. What could he be complaining about? I mean, he's a criminal defendant. He could be complaining about the conviction of the sentence. He would be – What else is there? Your Honor, under Washington v. Lampert, he has the right to claim that the plea agreement and the waiver therein was the product of ineffective assistance of counsel. I think that potentially there is a meritorious argument there. If you look at the plea agreement, it does not look like it's supported by any consideration. And I think that certainly looks like a meritorious argument on appeal, but we don't get there right now. All we know and all we're considering is his denial of his Sixth Amendment right to counsel on direct appeal. He has alleged facts that, if true, entitled him to relief, and he is entitled to a hearing on the motion. So the district court abused his discretion. I want to go back to this, because your client says in the 2255, originally But the client says, I was told by counsel I would only get 7 to 8 years. Right? Yes. That is his – That's the claim of why the – why there's a defect in the plea. Your Honor, that is a pro se defendant responding to Judge Eastley saying that he didn't articulate that it wasn't – I understand, but that's the claim. Without counsel, yes. But you have a 2255. You're now – he's now counseled. Does he have any other claims in his 2255? I just mentioned to the Court that I think there may very well be. But that wasn't made. You're now saying if we can bring a 2255, we might amend it to bring a different claim. Is that what you're saying? Your Honor, the 2255 is simply limited to the failure of his attorney to file the notice of appeal. That's it. It's limited to that. The Supreme Court's very clear. We do not get to the merits at this point. I know you don't get to the merits. It's not what I'm asking. And this is not an easy question, so I need help rather than combative answers, if you will. My question is, at the end of the day, if he's attacking his conviction or his sentence, as Judge Kaczynski asked, where do we go from here? So does he – are you asking that he be – that his counsel – that his – that the conviction be reinstated, which is what our case says when you get an effective assistance of counsel on appeal, to allow a fresh notice of appeal? That's correct. That's the remedy. That's all you're asking. That's all you can ask for under – under our case involving appeal waivers, right? Absolutely. Okay. If a fresh notice of appeal were filed … Yes, Your Honor. … since – would it – what would it attack? It – I believe it would attack exactly what Washington v. Lampert entitles him to attack. Now, tell me – don't tell me what other cases say. Tell me what it would attack. But that is the claim. Well, no, no, don't tell me. I've read the cases. What would you attack on appeal? His conviction, his sentence, or both? Easy question. I'm sorry. I think I'm answering it. It's – it's that he would … There's only two things that are possible to attack, the conviction or the sentence. Right. Do you – do you intend to reserve your right to attack both of them, only one of them? And if so, which one? He would first establish that the plea agreement was the product of ineffective assistance of counsel. At that point, he would be entitled to attack both his conviction and his sentence. There would be no waiver at that point. So you're asking for more than what our cases say. You're asking not – you're asking that the conviction be vacated or reinstated? No. Which – which are the two? Simply that it be reinstated. Okay. Thank you. Okay. Thank you. The case just argued stands amended.
judges: Kozinski, Hurwitz, Keeley